NO. 07-05-0362-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 20, 2006
_____

VINCE ARTHUR HALL,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 49,685-D; HON. DON EMERSON, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Appellant, Vince Arthur Hall, appeals from an order revoking his community supervision. Originally, he was convicted of possessing a controlled substance upon his plea of guilty in accordance with a plea agreement. Imposition of his five-year prison sentence was suspended on May 6, 2005, and the trial court placed him on community supervision for five years. Thereafter, the State moved to revoke his probation alleging that he violated four conditions of same. At the hearing on his motion, he pled true to

violating one condition and acknowledged violating at least one more while undergoing examination. Thereafter, the trial court granted the motion to revoke and ordered that he now serve the original five-year sentence.

Appellant's appointed counsel has filed a motion to withdraw, together with an *Anders*[1] brief wherein she certified that, after diligently searching the record, she has concluded that the appeal is without merit. So too did she represent to this court that she copied appellant with her brief and informed him of both her belief that there was no reversible error and his right to file a response or brief *pro se.* By letter dated February 21, 2006, this court also informed appellant of his right to tender his own brief or response by March 23, 2006. Appellant filed a response on March 13, 2006.

In compliance with the principles discussed in *Anders,* appellate counsel discussed several potential areas of appeal and then explained why the trial court's order was sound. We too reviewed the record, *sua sponte*, and found no arguably meritorious issue. Nor did we find any of the conclusory allegations in appellant's response arguably meritorious.

There being no issue warranting reversal of the trial court's order revoking appellant's community supervision, we affirm it and also grant appellate counsel's motion to withdraw.

Brian Quinn
Chief Justice


Do not publish.

---

[1]*Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).